UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENERICK NELSON, JR., | Case No.  2:26-cv-1578-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this action against several defendants, including Sacramento County District Attorneys and a state judge and, as best I can tell, alleges that he was arrested under a defective warrant and wrongfully prosecuted.  The complaint is devoid of specifics, however, and cannot proceed as articulated.  I will dismiss it with leave to amend, so that plaintiff may attempt to remedy the deficiencies identified below.  Additionally, I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and deny his request for disqualification, ECF No. 6.

1

Screening Order

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

As stated above, the complaint is silent as to the specifics of plaintiff's claims.  Plaintiff appears to allege that, on an unspecified date, a warrant was issued for his arrest.  ECF No. 1 at 10.  He claims that there was no probable cause underlying the warrant, because he was in the

2

Sacramento County Jail when the crimes he was accused of were perpetrated. *Id.* at 10-11. He does not state what crimes he was accused of or whether he was eventually convicted of those crimes. If he was convicted, and that conviction (or convictions) has not been overturned, then his claims are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* holds that a section 1983 claim cannot proceed if its success would imply the invalidity of a conviction that has not been overturned. *Id.* Plaintiff should file an amended complaint addressing this issue. Additionally, plaintiff's claims for malicious prosecution cannot succeed unless the criminal proceedings ended in his favor. *See Zamos v. Stroud*, 32 Cal. 4th 958, 965 (2004).

Plaintiff may file an amended complaint. If he elects to amend, the complaint must be complete in itself and be submitted on the form included with this order. It should be titled "First Amended Complaint." If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Request for Disqualification

Plaintiff's request for disqualification is frivolous. He argues that I should be disqualified because his case was filed in late April, and, as of late June, I have not yet addressed the claims in his complaint. ECF No. 6 at 2. Every litigant is entitled to prompt attention from the court, but every judge in this district carries a high case load, and, despite the best efforts of judges and staff, case screening is not instantaneous. He identifies no other basis for disqualification, and this motion is denied.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's request for disqualification, ECF No. 6, is DENIED.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

4.      Plaintiff may file an amended complaint within thirty days of this order's entry.  If he fails to do so, I will recommend that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:     July 2, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4