UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DENERICK NELSON, JR.,

Plaintiff,

v.

CITY OF SACRAMENTO, *et al.*,

Defendants.

Case No. 2:26-cv-1578-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

This section 1983 action proceeds on plaintiff's first amended complaint. ECF No. 10. Therein, as in his previous complaint, he alleges that defendants issued a false warrant against him and, ultimately, secured a wrongful conviction against him. *Id.* at 4-6. As I previously explained, this claim is not cognizable insofar as success thereon would necessarily imply the invalidity of his conviction, which plaintiff does not allege has been overturned. In his amended complaint, plaintiff appears to acknowledge that his conviction has not been overturned and, as such, he intends to disclaim any section 1983 claims and, instead, proceed based on claims arising under sections 42 U.S.C. § 1981, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. *Id.* at 9. These provisions are also subject to the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), however. Accordingly, I now recommend that this action be dismissed without leave to

amend for failure to state a cognizable claim.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

As I explained in my last screening order, a section 1983 claim cannot proceed if success thereon would imply the invalidity of a conviction or sentence that has not already been overturned. *See Heck*, 512 U.S. at 483-87. Plaintiff appears to acknowledge that his conviction

has not been overturned, insofar as he seeks to "disclaim" his section 1983 claims, ECF No. 10 at 8-9, and raise them under 42 U.S.C. §§ 1981, 1985, and 1986, ECF No. 10 at 9. But these provisions are also subject to the Supreme Court's ruling in *Heck*. The Ninth Circuit has held that *Heck* applies to section 1985 and 1986. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097-98 (9th Cir. 2004) ("Here, plaintiffs state in their complaint that, in violation of §§ 1983, 1985 and 1986, the Governor and his codefendants willfully and intentionally conspired to inaugurate an illegal 'underground' policy . . . to block paroles in perpetuity of term-to-life prisoners such as plaintiffs . . . . The disclaimer in the complaint that they do not seek relief that implicates the continuing validity of their confinement does not bring their claims out-side the reach of *Heck*.") (internal quotation marks omitted). And other district courts have determined that this holding also applies to claims arising under section 1981. *See Greene v. Grierson*, No. 2:23-cv-00461-RFB-BNW, 2023 U.S. Dist. LEXIS 72553, *5 (D. Nev. Apr. 26, 2023) ("While the Court has not found any case law regarding the extension of *Heck* to a claim under [42 U.S.C. § 1981], it only follows under *McQuillion v. Schwarzenegger* that *Heck* would similarly extend to claims under [this statute]."). I agree with this analysis and see no reason, based on *McQuillion*, to exclude section 1981 from the Supreme Court's holding in *Heck*. I now recommend that this action be dismissed without leave to amend as barred by *Heck*.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's first amended complaint, ECF No. 10, be DISMISSED without leave to amend as *Heck* barred and for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE